# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN MICHAEL MARR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security,<br><br>　　　　　Defendant. | Case No. SA CV 17-01090-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Dan Michael Marr ("Plaintiff") challenges the Commissioner's denial of his application for a period of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. PROCEEDINGS BELOW

On September 16, 2013, Plaintiff filed a Title II application for DIB alleging disability beginning August 1, 2012. (Administrative Record ("AR") 96-97, 108.) His application was denied on August 14, 2014. (AR 111.) On September 8, 2014, Plaintiff filed a written request for hearing, and a hearing was held on October 28,

2015. (AR 58, 117.) Represented by counsel, Plaintiff appeared and testified, along with an impartial medical expert and an impartial vocational expert. (AR 60-95.) On February 1, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] since August 1, 2012. (AR 52-53.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on June 22, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2012, the alleged onset date ("AOD"). (AR 43.) At **step two**, the ALJ found that Plaintiff had the following severe impairments: hypertension; degenerative disc disease of the cervical spine and lumbar spine; major depressive disorder; and anxiety disorder. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 44.)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [O]ccasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; must be able to change position briefly, one [to] three minutes, every hour; occasionally climb, bend, balance, stoop, kneel, crouch, and crawl; no concentrated exposure to unprotected heights; can perform moderately complex tasks (SVP 3-4); precluded from jobs requiring hypervigilance or being in charge of safety operations of others; no intense interpersonal interactions such

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

as taking complaints or encounters similar to those experienced by law enforcement or emergency personnel; no supervising others; no intrusive supervision; and no high production, quota, or rapid assembly line work.

(AR 46.) At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was capable of performing past relevant work as a security guard and a gas station cashier, and thus the ALJ did not proceed to step five. (AR 52.) Accordingly, the ALJ determined that Plaintiff has not been under a disability from the AOD through the date of decision. (*Id.*)

## III. <u>STANDARD OF REVIEW</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins*, 466 F.3d at

882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. **DISCUSSION**

Plaintiff raises the following issues for review: (1) whether the ALJ properly determined that Plaintiff could perform his past relevant work; (2) whether the ALJ properly considered the opinion of the examining and non-examining physicians; and (3) whether the ALJ properly evaluated the opinions of Plaintiff's treating physician. (*See* Joint Stipulation ("JS") 4.) For the reasons below, the Court agrees with Plaintiff regarding the assessment of his treating physician's opinions and remands on that ground.

### A. **The ALJ Did Not Properly Evaluate The Opinions Of Plaintiff's Treating Physician**

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for discounting the opinions of Plaintiff's treating physician. (*See* JS 30.) The Commissioner argues that the ALJ properly evaluated the treating physician's opinions. (*See id.*)

#### 1. **Applicable Legal Standards**

Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Most often, the opinion of a treating physician is given greater weight than the opinion of a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician.

4

*See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ must provide "clear and convincing" reasons to reject the ultimate conclusions of a treating or examining physician. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Lester*, 81 F.3d at 830-31. When a treating or examining physician's opinion is contradicted by another opinion, the ALJ may reject it only by providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 633; *Lester*, 81 F.3d at 830; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (citation omitted).

**2. Discussion**

In addition to the three opinions provided by Vicki Ewing, M.D., Plaintiff's treating physician, the ALJ considered and assigned little weight to the opinions of two consultative examiners and a non-examining state agency medical consultant. (AR 51-52.) The ALJ also gave "great weight" to the non-examining impartial medical expert who testified at the administrative hearing. (AR 51.) Because these opinions conflict with Dr. Ewing's opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence in order to reject the treating physician's opinions. *See Orn*, 495 F.3d at 633.

a. *Opinions of Vicki Ewing, M.D.*

Dr. Ewing provided her first Medical Source Statement in March 2014. (*See* AR 276-78.) Dr. Ewing indicated that she had seen Plaintiff for four visits since August 2013. (AR 276.) She diagnosed him with lumbar and cervical radiculopathy, noting that Plaintiff has "sharp pain" in his neck, arms, back, hips, and legs that worsens with activity, especially when walking or lifting. (*Id.*) Dr. Ewing opined that Plaintiff could stand or walk for 4 hours in an 8-hour workday; sit for 4 hours in an 8-hour workday; rarely lift or carry 10 pounds and occasionally

lift or carry less than 10 pounds; never climb ladders; rarely twist, stoop, bend, crouch, squat, and climb stairs; grasp, manipulate, and reach using his right hand and arm ten percent of the time; and grasp, manipulate, and reach using his left hand and arm twenty percent of the time. (AR 277.) Dr. Ewing also indicated that Plaintiff required a job that permits shifting positions at will from sitting, standing, or walking. (*Id.*) Dr. Ewing noted that Plaintiff's symptoms were severe enough to frequently interfere with his ability to maintain attention and concentration for simple work tasks. (AR 278.) Dr. Ewing determined that Plaintiff was capable of low-stress jobs and that his symptoms would cause him to miss work more than four days per month. (*Id.*)

In October 2014, Dr. Ewing provided another Medical Source Statement. (*See* JS 440-42.) She explained that she had seen Plaintiff every three months for the past 14 months, and Plaintiff had also been seen by specialists at Kaiser for two years. (AR 440.) Dr. Ewing diagnosed Plaintiff with spinal stenosis of the cervical and lumbar spine, which caused Plaintiff back pain, neck pain, and numbness. (*Id.*) Dr. Ewing described Plaintiff's pain as being a "sharp pain" in his neck and back, "with burning pain going down [his] left arm and both legs." (*Id.*) Dr. Ewing noted that Plaintiff had this pain several times each day, and it was worse with activity. (*Id.*) Explaining the clinical findings and objective signs, Dr. Ewing noted degenerative changes seen on MRIs at multiple levels in the cervical spine and lumbar spine. (*Id.*) Dr. Ewing opined that Plaintiff could stand or walk for 3 hours in an 8-hour workday; sit for 3 hours in an 8-hour workday; rarely lift or carry 10 pounds and occasionally lift or carry less than 10 pounds; occasionally twist; never climb ladders, crouch, or squat; rarely stoop, bend, and climb stairs; grasp and manipulate using his right hand and arm fifty percent of the time; grasp and manipulate using his left hand and arm thirty percent of the time; and reach overhead with either arm ten percent of the time. (AR 441.) Dr. Ewing again

///

assessed that Plaintiff was capable of low-stress jobs and that his symptoms would cause him to miss work more than four days per month. (AR 442.)

Dr. Ewing provided her final Medical Source Statement in July 2015, in which she noted that she had been treating Plaintiff for two years. (*See* AR 443-45.) She diagnosed Plaintiff with lumbar and cervical radiculopathy, as well as depression. (AR 443.) Dr. Ewing described Plaintiff's lower back pain as being rated 8 out of 10 with constant throbbing and tightness that is worsened by lifting and walking. (*Id.*) She described Plaintiff's neck pain as being rated 7 out of 10 with constant sharp pain and tightness that is worsened by sleeping in certain positions. (*Id.*) Explaining the clinical findings and objective signs, Dr. Ewing noted Plaintiff's reduced range of motion in his neck and lower back, as well as a positive straight leg raising test and bilateral tenderness to palpation at the sciatic notch. (*Id.*) Dr. Ewing opined that Plaintiff could stand or walk for less than 2 hours in an 8-hour workday; sit for less than 2 hours in an 8-hour workday; rarely lift or carry 10 pounds and occasionally lift or carry less than 10 pounds; occasionally twist and climb stairs; rarely stoop, bend, crouch, and squat; and never climb ladders. (AR 444.) Dr. Ewing assessed no manipulative restrictions. (*Id.*) Dr. Ewing again assessed that Plaintiff's symptoms would cause him to miss work more than four days per month, and she determined that Plaintiff was incapable of even "low stress" jobs because he was unable to concentrate and remember tasks. (AR 445.)

b. *The ALJ's Decision*

The ALJ stated that Dr. Ewing's opinions were "quite conclusory, providing very little explanation of the evidence relied on in forming these opinions." (AR 51.) An ALJ need not accept a treating physician's opinion that is brief, conclusory, and inadequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citing *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)); *Magallanes v. Bowen*, 881 F.2d 747, 751

(9th Cir. 1989). But here, Dr. Ewing did provide clinical findings and objective signs to support two of her three opinions. (*See* AR 440, 443.) Dr. Ewing identified degenerative changes "at multiple levels" in Plaintiff's cervical and lumbar spine, as seen in MRIs. (AR 440.) She also identified reduced range of motion in Plaintiff's neck and lower back, as well as a positive straight leg raising test and tenderness upon palpation at the bilateral sciatic notch. (AR 443.) Dr. Ewing's treatment notes confirm these tests and observations. (*See* AR 353 (March 2014), AR 716 (October 2014), AR 1155 (July 2015).) As Dr. Ewing did provide some explanation of her supporting evidence, the Court is not convinced that this is a specific and legitimate reason, supported by substantial evidence.

Moreover, conclusory or brief opinions may be discredited if they are *also* "unsupported by the record as a whole." *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (emphasizing that a brief and conclusory opinion may be discredited if it is also unsupported, but finding that an ALJ erred in rejecting a conclusory opinion that was supported by the record). Here, the ALJ found that Dr. Ewing's opinions were "not consistent with the record as a whole" (AR 51), but the Court finds that the ALJ erred in discounting Dr. Ewing's opinions on this basis.

The ALJ thoroughly summarized the objective medical evidence of record, but she did not make findings and relate this evidence to Dr. Ewing's opinions. (*See* AR 47-51.) Instead, the ALJ simply concluded:

> The undersigned accords little weight to these opinions because they are not consistent with the record as a whole, *e.g.*, generally unremarkable physical examinations and minor MRI findings as discussed above.

(AR 51.)

"[T]o simply state that a treating physician's opinion is not supported by objective findings or is contrary to the conclusions mandated by the evidence is *not* sufficient." *Crayton v. Bowen*, 874 F.2d 815, 1989 WL 41721 (table), at *3 (9th

8

Cir. 1989) (emphasis in original) (citing *Embrey*, 849 F.2d at 421). This approach does not provide the level of specificity required by the Ninth Circuit, "even when the objective factors are listed seriatim." *Embrey*, 849 F.2d at 421. Although an ALJ need not recite "magic words" to reject a treating physician's opinion, she must—in addition to merely summarizing the facts—interpret the evidence and make findings. *See Magallanes*, 881 F.2d at 755. Merely stating that objective evidence is contrary to the opinion evidence, without relating that evidence to specific rejected opinions and findings, is inadequate. *Embrey*, 849 F.2d at 421; *see Garrison*, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); *Carmona v. Berryhill*, No. EDCV16-01376-AJW, 2017 WL 3614425, at *4 (C.D. Cal. Aug. 22, 2017) ("Saying that a medical opinion is 'inconsistent with the substantial evidence' is not a specific reason for rejecting the opinion; it is nothing more than boilerplate."); *Akins v. Astrue*, No. EDCV08-01573-SS, 2009 WL 2949611, at *5 (C.D. Cal. Sept. 14, 2009) (ALJ erred by finding that an opinion was "inconsistent with substantial evidence of record" without stating specific reasons for rejecting the opinion).

Further, a finding that a treating physician's opinion is inconsistent with other evidence in the record "means only that the opinion is not entitled to 'controlling weight.'" SSR 96-2p, 1996 WL 374188, at *4 (S.S.A. July 2, 1996).[2] "Even when there is substantial evidence contradicting a treating physician's opinion such that it is no longer entitled to controlling weight, the opinion is nevertheless 'entitled to deference.'" *Weiskopf v. Berryhill*, 693 F. App'x 539, 541

---

[2] Although this Ruling was rescinded for claims filed on or after March 27, 2017, *see* SSR 96-2p, 2017 WL 3928298 (S.S.A. Mar. 27, 2017), it remains applicable to Plaintiff's claim.

9

(9th Cir. 2017) (citing *Orn*, 495 F.3d at 633); *see* 20 C.F.R. 404.1527(c)(2) (effective Aug. 24, 2012 to Mar. 26, 2017) (when a treating source's medical opinion is unsupported by medical evidence or is inconsistent with other substantial evidence, such that it does not receive controlling weight, the ALJ must apply the listed factors to determine its weight). The opinion "must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." SSR 96-2p, 1996 WL 374188, at *4. These factors include, *inter alia*, the examining relationship, the length of the treatment relationship, the frequency of examination, and the nature and extent of the treatment relationship. 20 C.F.R. § 404.1527(c). The ALJ did not consider these factors, and "[t]his failure alone constitutes reversible legal error." *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

Despite an ALJ's error, the Court may uphold the ALJ's decision when the error is harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). An error is harmless if it is "inconsequential to the ultimate nondisability determination," *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), or "if the agency's path may be reasonably discerned," *Buchanan v. Colvin*, 636 F. App'x 414, 415 (9th Cir. 2016). Here, the ALJ's conclusory determination that Dr. Ewing's opinions were inconsistent with the medical evidence failed to set forth her interpretation of the evidence, and "[t]he court may not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions." *Ros v. Berryhill*, No. 2:15-CV-2389 DB, 2017 WL 896287, at *4 (E.D. Cal. Mar. 7, 2017) (citing *Burrell*, 775 F.3d at 1138). Further, the ALJ's failure to properly consider the relevant factors when weighing a treating physician's opinion is not harmless. *See Trevizo*, 871 F.3d at 676.

In sum, the Court finds that the ALJ did not properly evaluate the opinions of Dr. Ewing. Accordingly, remand is warranted on this issue.

///

///

10

**B.     The Court Declines To Address Plaintiff's Remaining Arguments**

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**C.     Remand For Further Administrative Proceedings**

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ erred in assessing and discounting the treating physician's opinions. On remand, the ALJ shall reassess the opinions of Dr. Ewing and provide legally adequate reasons for any portion of those opinions that the ALJ discounts or

rejects. The ALJ shall then reassess Plaintiff's RFC and proceed through step four and step five, if necessary, to determine what work, if any, Plaintiff is capable of performing.

## V. **CONCLUSION**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: August 15, 2018           /s/
                        ROZELLA A. OLIVER
                        UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**